IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TROY KIRK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-CV-234-M-BQ |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Troy Kirk, appearing pro se, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 on September 29, 2020. He did not pay the $5.00 filing fee, nor did he file an application to proceed *in forma pauperis* with a certified statement of his inmate trust account. The Clerk sent Kirk this Court's standard Instructions to a Pro Se Party, which advised him, among other things, that he must promptly notify the Court of any change in his address and that his failure to do so could result in the dismissal of his case. ECF No. 4. Pursuant to Special Order No. 3-251, this case was referred to the undersigned United States Magistrate Judge. The magistrate judge makes the following findings of fact, conclusions of law, and recommendation under 28 U.S.C. § 636(b)(1).

## I.   Procedural History

On October 29, 2020, the Court entered a Notice of Deficiency and Order (Deficiency Order) requiring Kirk to pay the $5.00 filing fee or file an application to proceed *in forma pauperis* with a certificate of his inmate trust account within 30 days. ECF No. 6. The Court admonished Kirk that his failure to comply with the Deficiency Order could result in a recommendation that

his case be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Kirk did not respond to the October 29 order.

On December 15, 2020, the Court entered a Deficiency Show Cause Order, again instructing Kirk to pay the filing fee or submit an application to proceed *in forma pauperis*, and ordering him to show cause why his Petition should not be dismissed for want of prosecution. ECF No. 7. The Court admonished Kirk for a second time that his failure to respond would result in a recommendation that the District Judge dismiss his Petition for want of prosecution. Kirk did not respond to the December 15 order.

Both of the Court's orders were sent to Kirk at the last address he provided—Texas Department of Criminal Justice's Montford Unit—but the envelope containing the Deficiency Show Cause Order was returned to the Clerk unopened on January 20, 2021. ECF No. 8. The envelope was stamped "RETURN TO SENDER, UNABLE TO FORWARD," with the handwritten notation, "Discharged." *Id.* Kirk has not provided the Court with an updated address.

## II.    <u>Involuntary Dismissal</u>

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

Because Kirk has failed to comply with the Court's orders, and his current address is unknown, this case cannot proceed.

### III. Recommendation

It is recommended that this case be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) due to Kirk's failure to respond to the October 29 and December 15 orders. *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (explaining that dismissal of pro se complaint for want of prosecution was not an abuse of discretion where the court repeatedly warned plaintiff that his failure to comply with a court order might result in dismissal and gave plaintiff adequate time to comply).

### IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: February 10, 2021.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE